# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMERICAN WATERWAYS OPERATORS | ) ) ) | |
| | ) | No. 1:18-cv-12070 |
| Plaintiff, | ) | |
| v. | ) ) | **DEFENDANTS' ANSWER TO** |
| UNITED STATES COAST GUARD | ) ) | **PLAINTIFF'S COMPLAINT** |
| | ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Pursuant to Federal Rule of Civil Procedure 8, Defendant the United States Coast Guard hereby responds to the allegations in Plaintiff American Waterways Operators' ("Waterways Operators") Complaint (ECF No. 1) at set for the below.

## RESPONSES TO COMPLAINT ALLEGATIONS

The paragraph numbers, headings, and subheadings in this Answer correspond to the paragraph numbers, headings, and subheadings in Plaintiff's Complaint. Defendant does not specifically respond to the section headings included in the Complaint, but to the extent those headings expressly or implicitly include substantive legal or factual allegations, Defendant denies those allegations.

### Preliminary Statement

1.      The allegations contained within Paragraph 1 are characterizations of Plaintiff's claims in this case to which no response is required. To the extent a response is required, Defendants deny the allegations.

2.      Defendant admits the allegations in the first sentence of Paragraph 2. In response to the allegations in the second sentence of Paragraph 2, Defendant admits that the cases cited in

this paragraph were filed thirteen and eight years ago and that the cases are currently closed.  The remaining allegations in the second sentence characterize the district court's August 19, 2011 order, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced order, they are denied.

3.     Defendant denies the allegations in the first sentence of Paragraph 3.  The allegations in the second and third sentences of Paragraph 3 characterize judicial decisions by the district court and the First Circuit Court of Appeals, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced decisions, they are denied.  Defendant denies the allegations in the fourth sentence of Paragraph 3 and aver that in late 2014, the Coast Guard moved to reopen the proceedings in *United States v. Massachusetts*, No. 1:05-cv-10112 (D. Mass), and the Waterways Operators likewise moved to reopen its case, *American Waterways Operators v. Patrick*, No. 1:10-cv-10584 (D. Mass.). Following a court hearing in January 2015, both the Coast Guard and the American Waterways Operators withdrew their requests to reopen the litigation.  Defendant denies the remaining allegations in this Paragraph.

4.     The allegations in Paragraph 4 are conclusions of law or characterizations of Plaintiff's claims to which no response is required.  To the extent a response is required, the allegations are denied.

### Jurisdiction and Venue

5.     The allegations in Paragraph 5 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

6.      The allegations in Paragraph 6 are conclusions of law or characterizations of Plaintiff's prayer for relief, to which no response is required.  To the extent a response is required, the allegations are denied.

7.      The allegations in Paragraph 7 are conclusions of law to which no response is required.

## Parties

8.      Defendant admits the allegations in the Paragraph 8.

9.      Defendant denies that the Coast Guard is an agency of the United States but otherwise admits the allegations in Paragraph 9.

## Factual Background

10.     The allegations in Paragraph 10 characterize "An Act Relative to Oil Spill Prevention and Response in Buzzards Bay and Other Harbors and Bays of the Commonwealth," 2004 Mass. Acts ch. 251, *amended by* 2004 Mass. Acts ch. 427 § 1 ("MOSPA").  MOSPA speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the act, they are denied.

11.     The allegations in Paragraph 11 characterize MOSPA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the act, they are denied.

12.     The allegations in Paragraph 12 characterize "An Act Further Protecting Buzzards Bay," 2008 Mass. Acts ch. 268 (the "2008 Act").  The 2008 Act speaks for itself and is the best evidence of its content; to the extent the allegations are inconstant with the act, they are denied.

13.     The allegations in Paragraph 13 characterize the 2008 Act, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the act, they are denied.

14.     The allegations in Paragraph 14 characterize "An Act Preventing Oil Spills in Buzzards Bay," 2009 Mass. Acts ch. 101 (amending Mass. Gen. Laws ch. 21L, §§ 1 and 4, ch. 21M, §§ 1 and 9) (forming the "2009 Act").  The 2009 Act speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the act, they are denied.

15.     Defendant admits the allegation in Paragraph 15 that the United States filed suit against the Commonwealth of Massachusetts on January 18, 2005.  The remaining allegations in Paragraph 15 characterize the federal government's complaint in *United States v. Massachusetts*, Civ. A. No. 1:05-cv-10112 (D. Mass), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced complaint, they are denied.

16.     The allegations in Paragraph 16 characterize the federal government's complaint in *United States v. Massachusetts*, Civ. A. No. 1:05-cv-10112 (D. Mass), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced complaint, they are denied.

17.     Defendant admits the allegation in Paragraph 17.

18.     The allegations in Paragraph 18 characterize the court's July 24, 2006 order in *United States v. Massachusetts*, Civ. A. No. 1:05-cv-10112 (D. Mass), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced order, they are denied.

19.     The allegations in Paragraph 19 characterize the district court's July 24, 2006 order in *United States v. Massachusetts*, Civ. A. No. 1:05-cv-10112 (D. Mass), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced order, they are denied.

20.     Defendant admits the allegation in Paragraph 20.

21.     The allegations in Paragraph 21 characterize Commonwealth's appeal and the First Circuit's ruling in *United States v. Massachusetts*, 493 F.3d 1 (1st Cir. 2007), which speak for themselves  and is as the best evidence of its content; to the extent the allegations are inconsistent with the Commonwealth's appeal and the First Circuit's ruling, they are denied.

22.     The allegations in Paragraph 22 characterize the First Circuit's ruling in *United States v. Massachusetts*, 493 F.3d 1 (1st Cir. 2007), which speaks for itself and is as the best evidence of its content; to the extent the allegations are inconsistent with the First Circuit's ruling, they are denied.

23.     The allegations in Paragraph 23 are vague and therefore are denied.

24.     The allegations in Paragraph 24 characterize the Coast Guard's final rule published in the Federal Register at 72 Fed. Reg. 50,052 (Aug. 30, 2007) ("2007 RNA"), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2007 RNA, they are denied.

25.     The allegations in Paragraph 25 characterize the district court's March 31, 2010 order in *United States v. Massachusetts*, 724 F. Supp. 2d 170 (D. Mass. 2010), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced order, they are denied.

26.     The allegations in Paragraph 26 characterize the district court's March 31, 2010 order in *United States v. Massachusetts*, 724 F. Supp. 2d 170 (D. Mass. 2010), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced order, they are denied.

27.     The allegations in Paragraph 27 characterize the district court's March 31, 2010 order in *United States v. Massachusetts*, 724 F. Supp. 2d 170 (D. Mass. 2010), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced order, they are denied.

28.     Defendant admits the allegation in Paragraph 28.

29.     The allegations in Paragraph 29 characterize the Waterways Operators' claims in *AWO v. Patrick*, Civ. A. No. 1:10-cv-10584 (D. Mass), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced claims, they are denied.

30.     The allegations in Paragraph 30 characterize the 2009 Act, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Act, they are denied.

31.     The allegations in Paragraph 31 characterize the 2009 Act, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Act, they are denied.

32.     The allegations in Paragraph 32 characterize the 2009 Act, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Act, they are denied.

33.     The allegations in Paragraph 33 characterize the Waterways Operators' allegations in *AWO v. Patrick*, Civ. A. No. 1:10-cv-10584 (D. Mass), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced allegations, they are denied.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore the allegations are denied.

35.     Defendant admits the allegations in Paragraph 35.

36.     The allegations in Paragraph 36 characterize the First Circuit's ruling *United States v. Coalition For Buzzards Bay*, 644 F.3d 26 (1st Cir. 2011), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the First Circuit's ruling, they are denied.

37.     The allegations in Paragraph 37 characterize the First Circuit's ruling *United States v. Coalition For Buzzards Bay*, 644 F.3d 26 (1st Cir. 2011), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the First Circuit's ruling, they are denied.

38.     The allegations in Paragraph 38 characterize the First Circuit's ruling *United States v. Coalition For Buzzards Bay*, 644 F.3d 26 (1st Cir. 2011), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the First Circuit's ruling, they are denied.

39.     The allegations in Paragraph 39 characterize a Joint Status Report filed in *United States v. Massachusetts*, No. 1:05-cv-10112 (D. Mass); which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced status report, they are denied.

40.      Defendant admits the allegation in Paragraph 40 that the parties in *AWO v. Patrick*, Civ. A. No. 1:10-cv-10584(D. Mass), jointly proposed that the case be stayed and administratively closed during the duration of the remand.  Defendant lacks knowledge or information sufficient to form a belief as to the parties' motivation for doing so, and therefore the remaining allegations in are denied.

41.      Defendant admits the allegations in Paragraph 41.

42.      Defendants deny the allegations in the first sentence of Paragraph 42 and aver that the Coast Guard prepared an environmental assessment ("EA") regarding the 2007 amendments to the Buzzard's Bay Regulated Navigation Area in December 2013 and published a finding of no significant impact ("FONSI") in February 2014.  *See* 79 Fed. Reg. 10,818 (Feb. 26, 2014). Defendants admit the allegations in the second sentence of Paragraph 42.

43.      Defendant admits that it provided the court with notice of the FONSI publication on February 27, 2014.  The remaining allegations in Paragraph 43 characterize the notice filed by the United States in *United States v. Massachusetts*, No. 1:05-cv-10112 (D. Mass); which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced notice, they are denied.

44.      Defendant admits that the United States moved to reopen.  The remaining allegations in Paragraph 44 characterize the motion filed by the United States in *United States v. Massachusetts*, No. 1:05-cv-10112 (D. Mass); which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced motion, they are denied.

45.      Defendant admits the allegations in the first and second sentences of Paragraph 45.  Defendant lacks knowledge or information sufficient to form a belief as to the parties'

motivation for filing the motions to reopen and, on that basis, denies the remaining allegations in this paragraph.

46.     Defendant admits the allegations in Paragraph 46.

47.     The allegations contained within Paragraph 47 characterize the federal government's statements during the January 15, 2015 hearing, which speak for themselves and serve as the best evidence of their contents.  The transcript of the hearing is available at Docket Entry 201, *United States v. Massachusetts*, Civ. A. No. 1:05-cv-10112 (D. Mass), and to the extent that Plaintiff's allegations are inconsistent with the transcript, they are denied.

48.     Defendant admits the allegations in Paragraph 48.

49.     Defendant denies the allegations in Paragraph 49.

50.     Defendant denies the allegations in Paragraph 50.

51.     Defendant denies the allegations in Paragraph 51.

52.     Defendant denies the allegations in Paragraph 52.

53.     Defendant denies the allegations in Paragraph 53.

54.     Defendant admits that roughly two years and three months following the withdrawal of the motion to reopen, the Coast Guard was considering various options for waterways in the First Coast Guard District.  Defendant denies the remaining allegations in Paragraph 54.

55.     Defendant admits the allegations in the first sentence of Paragraph 55.  Defendant denies the allegations in the second sentence of Paragraph 55, and aver that a Ports and Waterways Safety Assessment ("PAWSA") for Buzzard's Bay was published in June 2018.

56.     Defendant denies the allegations in the first sentence of Paragraph 56 and avers that the PAWSA risk assessment process is a disciplined approach to identify major waterway

safety hazards, estimate risk levels, evaluate potential mitigation measures, and set the stage for implementation of selected measures to reduce risk.  The process involves convening a select group of stakeholders and conducting a two-day structured workshop to meet these objectives. Defendant denies the allegations in the second sentence of Paragraph 56.

57.    Defendant denies the allegations in Paragraph 57.

58.    Defendant denies the allegations in Paragraph 58.

59.    Defendant denies the allegations in Paragraph 59.

**Count I**

60.    Defendant incorporates by reference Paragraphs 1-59 above, in response to the corresponding paragraphs of Plaintiff's Complaint.

61.    The allegations in Paragraph 61 are conclusions of law to which no response is required.

62.    The allegations in Paragraph 62 are conclusions of law to which no response is required.

63.    The allegations in Paragraph 63 are conclusions of law to which no response is required.

64.    The allegations in Paragraph 64 characterize the First Circuit's ruling *United States v. Coalition For Buzzards Bay*, 644 F.3d 26 (1st Cir. 2011) and the district court's remand order, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced orders, they are denied.

65.    The allegations contained within Paragraph 65 are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

66.    Defendant denies the allegations in Paragraph 66.

67.     Defendant admits that the First Circuit's ruling in *United States v. Coalition For Buzzards Bay*, 644 F.3d 26 (1st Cir. 2011) was issued approximately seven years ago.  The remaining allegations in Paragraph 67 characterize the First Circuit's ruling, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the First Circuit's ruling, they are denied.

68.     Defendant admits that the district court issued an order remanding the case to the Coast Guard approximately seven years ago.  The remaining allegations in Paragraph 68 characterize the district court's remand order in *United States v. Massachusetts*, Civ. A. No. 1:05-cv-10112 (D. Mass), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the order, they are denied.

69.     Defendant admits the allegations in Paragraph 69.

70.     Defendant admits the allegation that it has been almost four years since the United States filed a motion to reopen in *United States v. Massachusetts*, No. 1:05-cv-10112 (D. Mass). The remaining allegations in the first and second sentences of Paragraph 70 characterize the federal government's motion to reopen, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the motion, they are denied. Defendant denies the allegations in the third sentence of Paragraph 70.

71.     Defendant denies the allegations in Paragraph 71.

72.     Defendant denies the allegations in Paragraph 72.

73.     Defendant denies the allegations in Paragraph 73.

74.     Defendant denies the allegations in Paragraph 74.

**Count II**

75.     Defendant incorporates by reference Paragraphs 1-74 above, in response to the corresponding paragraphs of Plaintiff's Complaint.

76.     The allegations in Paragraph 76 are conclusions of law to which no response is required.

77.     The allegations in Paragraph 77 are conclusions of law to which no response is required.

78.     The allegations in Paragraph 78 are conclusions of law to which no response is required.

79.     The allegations in Paragraph 79 are conclusions of law to which no response is required; to the extent a response is required, the allegations are denied.

80.     The allegations in the first and second sentence of Paragraph 80 constitute characterize the First Circuit's and district court's remand orders, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced orders, they are denied.  The allegations in the third sentence of Paragraph 80 are conclusions of law to which no response is required.

81.     Defendant denies the allegations in Paragraph 81.

82.     Defendant admits that the First Circuit's ruling in *United States v. Coalition For Buzzards Bay*, 644 F.3d 26 (1st Cir. 2011) was issued approximately seven years ago.  The remaining allegations in Paragraph 82 characterize the First Circuit's ruling, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the First Circuit's ruling, they are denied.

83.     Defendant admits that the district court issued an order remanding the case to the

Coast Guard approximately seven years ago.  The remaining allegations in Paragraph 83 characterize the district court's remand order in *United States v. Massachusetts*, Civ. A. No. 1:05-cv-10112 (D. Mass), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the order, they are denied.

84.     Defendant admits the allegations in Paragraph 84.

85.     Defendants admit the allegation in the first sentence of Paragraph 85 that has been nearly four years since the federal government filed a motion to reopen in *United States v. Massachusetts*, Civ. A. No. 1:05-cv-10112 (D. Mass).  The remaining allegations in the first and second sentences of Paragraph 85 characterize the federal government's motion to reopen in *United States v. Massachusetts*, Civ. A. No. 1:05-cv-10112 (D. Mass), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the motion, they are denied.  Defendant denies the allegations in the third sentence of Paragraph 85.

86.     Defendant denies the allegations in Paragraph 86.

87.     Defendant denies the allegations in Paragraph 87.

88.     Defendant denies the allegations in Paragraph 88.

89.     Defendant denies the allegations in Paragraph 89.

## RELIEF REQUESTED

The remainder of the allegations in the Complaint constitute Plaintiff's request for relief to which no response is required.  To the extent a further response is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE AND OTHER DEFENSES

1.      The Court lack jurisdiction over some or all of Plaintiff's claims.

2.      Defendant has not unlawfully withheld or unreasonably delayed any agency action.

WHEREFORE, Defendant requests that the Court dismiss the Complaint in its entirety, render judgment for Defendant and against Plaintiff, and grant Defendant any further relief that the nature of the case and justice require.

DATE: December 4, 2018          Respectfully submitted,

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division


 /s/ Luther L. Hajek
LUTHER L. HAJEK
Trial Attorney, Natural Resources Section
United States Department of Justice
Environment & Natural Resources Division
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Telephone: 303-844-1376
Facsimile: 303-844-1350
E-mail: luke.hajek@usdoj.gov

ANDREW E. LELLING
United States Attorney

Michael Sady (BBO #552934)
Assistant U.S. Attorney
U.S. Attorney's Office

1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3100
E-mail: Michael.Sady@usdoj.gov

*Counsel for Defendant*

OF COUNSEL:

Brian Judge
Colleen Ernst
United States Coast Guard

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2018, I filed a true and correct copy of the foregoing

document with the Court's CM/ECF system, which will generate a Notice of Filing to the

attorneys of record.

/s/ Luther L. Hajek
LUTHER L. HAJEK
Trial Attorney, Natural Resources Section
United States Department of Justice
Environment & Natural Resources Division
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Telephone: 303-844-1376
Facsimile: 303-844-1350
Email: luke.hajek@usdoj.gov

*Counsel for Defendant*